UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHNATHAN BUGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-cv-319 |
| | ) |
| UNITED STATES STEEL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

### OPINION AND ORDER

This matter is before the court on the Motion to Dismiss Plaintiff's Complaint [DE 11] filed by the defendant, United States Steel Corporation, on November 22, 2023. For the following reasons, the motion is **GRANTED**.

### *Background*

On September 25, 2023, the plaintiff, Johnathan Buggs, proceeding pro se, filed this action against the defendant, United States Steel Corporation ("USSC"), for alleged employment discrimination. According to Buggs, USSC violated his rights under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117 ("ADA") when it terminated him from employment on August 12, 2022.

On October 26, 2023, Buggs filed an unsigned Proof of Service, without a delivery address, dated October 5, 2023. [DE 3]. The Proof of Service showed that USPS delivered Bugg's item "in or at [a] mailbox" located in Gary, Indiana. The "item" USPS delivered was the summons and Complaint addressed generally to "United States Steel Corp." [DE 11-1].

On November 22, 2023, in lieu of answering the complaint, USSC filed the instant motion to dismiss for insufficient service of process. [DE 10]. The court extended the date for

Buggs to respond to May 14, 2024. [DE 15]. On May 10, 2024, Buggs filed his response. [DE 16]. USSC filed its reply on May 17, 2024. [DE 17]. Thus this motion is ripe for review.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment. [DE 14]. As a result, this court has jurisdiction to decide this case pursuant to **28 U.S.C. § 636(c)**.

*Discussion*

**Federal Rule of Civil Procedure 12(b)(5)** authorizes dismissal of a complaint when a plaintiff provides insufficient service of process on a defendant. **Fed. R. Civ. P. 12(b)(5)**; *Pike v. Decatur Mem'l Hosp.*, No. 1:04–CV–391, 2005 WL 2100251, at *1 (S.D. Ind. Aug. 26, 2005). When service of process is insufficient, the court lacks personal jurisdiction over the defendant. *Pike*, 2005 WL 2100251 at *1 (noting similarities between a 12(b)(5) motion to dismiss for insufficient service and a 12(b)(2) motion to dismiss for lack of personal jurisdiction); *see also* **Rabiolo v. Weinstein**, 357 F.2d 167, 168 (7th Cir. 1966). In determining whether service was proper, the court reviews the facts in a light most favorable to the non-moving plaintiff and may consider affidavits and other documentary evidence. *Pike*, 2005 WL 2100251 at *1. The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service. *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011).

**Federal Rule of Civil Procedure 4** sets forth the procedures necessary to perfect service of process for a complaint. Rule 4(h) provides that a corporation must be served by delivering a copy of the summons and the complaint to an officer, managing or general agent, or any other agent authorized by law to receive service or by the manner prescribed in Rule 4(e)(1), which allows for service by following the service laws of the state where the district court is located. Indiana law does not permit service of process by regular mail. *See* **Ind. T.R. 4**. To serve a

2

corporation via certified mail, however, Indiana law requires the certified mail be sent to "an executive officer [or] an agent appointed or deemed by law to have been appointed to receive service" and a written receipt be produced showing who accepted the certified mail. **Ind. T.R. 4.6(A)(1)**; **Ind. T.R. 4.1(A)(1)**.

Service by certified mail "is not effective unless the individual himself or a person authorized to accept service signs for the mail." ***Noble Roman's, Inc. v. Rahimian***, 2008 WL 4793681, at *2 (S.D. Ind. Sept. 26, 2008). "This authority is required because a person accepting service for another has a duty, under Indiana Trial Rule 4.16(B) to promptly deliver the papers or give notice in accordance with that Rule. Furthermore, under Indiana law, service is not accomplished if the signatory does not have the authority to accept the certified mail." *Id.* at 4. "[V]alid service of process is necessary in order to assert personal jurisdiction over a defendant." ***Lozanovski v. Bourrell***, 2018 WL 925251, at *5 (N.D. Ind. Feb. 15, 2018) (internal quotations omitted).

USSC argues that Buggs' service is inadequate because he sent a copy of the summons and complaint via regular mail generally addressed to USSC. Buggs did not send the complaint by certified mail to an individual authorized to accept service by USSC or obtain the proper recipient's signature, as required by law. In response, Buggs argues that because USSC filed this motion, it serves as proof that "the defendant is aware of [the] Complaint and therefore [has] been notified as of purpose to be served [sic]." [DE 16]. Buggs asks that the court deny USSC's motion and give him more time to prefect service if necessary.

The court notes that over 230 days have passed since the filing of the complaint. Because USSC has not been properly served, this could subject Bugg's complaint to dismissal under **Rule 4(m).** The court must first inquire whether Buggs had good cause for failing to perfect

service. ***Panaras v. Liquid Carbonic Indus. Corp.***, 94 F.3d 338, 340 (7th Cir. 1996). In this context, good cause means a "valid reason for delay, such as the defendant's evading service." ***Coleman v. Milwaukee Bd. of Sch. Dirs.***, 290 F.3d 932, 934 (7th Cir. 2002) (citations omitted). At a minimum, Buggs must show reasonable diligence in his efforts to serve the defendant. ***Bachenski v. Malnati***, 11 F.3d 1371, 1377 (7th Cir. 1993). When good cause exists, however, "the court must extend the time for service for an appropriate period." **Rule 4(m)**; *see Panaras*, 94 F.3d at 340. In instances where good cause is not present, the court has the discretion to either dismiss the action without prejudice or direct that service be completed within a specified time period. ***Cardenas***, 646 F.3d at 1005; ***Panaras***, 94 F.3d at 340.

"[T]he extent to which the plaintiff 'tried' to serve process should not be a factor as to whether a federal court has personal jurisdiction over a defendant," ***Mid-Continent Wood Prods., Inc. v. Harris***, 936 F.2d 297, 302 (7th Cir. 1991), and "neither a party's *pro se* status nor his inexperience as a litigant excuse his from complying with the requirements of **Rule 4(m)**." ***Rose v. USPS***, 352 F. Appx. 82, 84 (7th Cir. 2009) (emphasis added). Buggs has made no showing of good cause for his failure to perfect service in more than 230 days. *See **Panaras v. Liquid Carbonic Indus. Corp.***, 94 F.3d 338, 340 (7th Cir. 1996). In fact, when the deficiencies were brought to Buggs' attention by the motion to dismiss, he made no effort to comply with Rule 4.

Thus, the court does not have personal jurisdiction over USSC, and this case must be dismissed.

4

*Conclusion*

Based on the foregoing reasons, USSC's Motion to Dismiss [DE 11] is **GRANTED**. This case is **DISMISSED without prejudice**.

ENTERED this 3rd day of June, 2024.

/s/ Andrew P. Rodovich
United States Magistrate Judge
